UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-6510-CAS (SHx) | Date | March 9, 2010 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:) PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** (filed 2/10/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 15, 2010, is hereby vacated, and the matter is hereby taken under submission.

**I.    INTRODUCTION**

On July 13, 2009, plaintiff Delana L. Ugas, on behalf of herself and others similarly situated, filed a class action in Los Angeles Superior Court against defendants H&R Block Enterprises LLC, H&R Tax Group, Inc., and H&R Block Tax Services, Inc. alleging (1) failure to pay overtime compensation in violation of Industrial Wage Order No. 5-89 and Cal. Labor Code §§ 510, 1194, and 1198; (2) failure to provide itemized statements in violation of Cal. Labor Code § 226; (3) failure to provide meal and rest breaks in violation of Cal. Labor Code §§ 226.7 and 512; and (4) unfair competition in violation of Cal. Bus. & Prof. Code § 17200, et seq. On September 8, 2009, defendants answered the complaint and timely removed the case to this Court based on diversity jurisdiction over the putative class action under the Class Action Fairness Act of 2005.

On December 7, 2009, the Court entered a pretrial scheduling order setting a deadline of May 6, 2010 to file a motion for class certification and setting the hearing for class certification on July 12, 2010. On February 10, 2010, plaintiff filed the instant motion for leave to file a first amended complaint ("FAC") pursuant to Fed. R. Civ. P. 15. Specifically, plaintiff requests leave to file a FAC in order to add a nationwide subclass

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-6510-CAS (SHx) | Date | March 9, 2010 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC; ET AL. | | |

for defendants' violation of the Fair Labor Standards Act ("FLSA"),[1] in addition to California subclasses for violation of state laws. On January 25, 2010, defendants filed an opposition. On March 1, 2010, plaintiff filed her reply. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

Fed. R. Civ. P. 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990)); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend"). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. And "[l]ate

---

[1] The FAC seeks to add a Fifth claim for failure to pay overtime compensation under 29 U.S.C. § 207, and a Sixth claim for failure to pay wages for all hours worked under 29 U.S.C. § 206.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-6510-CAS (SHx) | Date | March 9, 2010 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC; ET AL. | | |

amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

### III. DISCUSSION

Plaintiff contends that Fed. R. Civ. P. 15's policy of favoring amendments to pleadings should be applied with "extreme liberality," not dependent on whether the amendment will add claims or parties, but "subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise of futility." Mot. at 4 (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)). Plaintiff argues that justice requires that defendants' alleged violation of the FLSA be addressed on the merits, along with the other claims pursuant to state laws, because plaintiff learned that defendants' wrongful conduct was not limited to California subsequent to defendants' filing of the original complaint.[2] Id. at 3-4. Plaintiff further argues that leave to amend should be granted because it is sought early in litigation, there is no prejudice to defendants, and "[it] is not futile, as a nationwide class can be adequately alleged in the FAC." Id. at 4-5.

Defendants respond that, while leave to amend is liberally granted, it should not be granted where the amendment would be futile. Opp'n at 1, 4 (citing DCD Programs, 833 F.3d at186). Defendant argues that plaintiff's motion for leave to amend should be denied because the proposed amendment would be futile, as it is "devoid of any relevant

---

[2] Plaintiff contends that "defendants' wrongful conduct . . .took place throughout the United States. As such, Barbara Guerra, an individual, on behalf of herself and others similarly situated, seeks to allege that H&R Block defendants violated the FLSA on a nationwide basis." Mot. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-6510-CAS (SHx) | Date | March 9, 2010 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC; ET AL. | | |

facts that would make her claims for adding a 'nationwide FLSA' subclass plausible."[3] Id. (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007); Fed. R. Civ. P. 8(a)(2)). Defendants further contend that "federal courts have rejected similar fact-deficient claims"—namely, Jones v. Casey's General Stores, 538 F. Supp. 2d 1094, 1101-02 (S.D. Iowa 2008)).[4] Id. at 6-7. Moreover, defendants argue that discovery cannot be permitted to bolster plaintiff's factually-deficient claims because discovery is for finding details of the case, not for trying to create a case.[5] Id. at 7-8 (citing Twombly, 127 S.Ct. at 1967 n.6.).

Furthermore, defendants argue that leave to amend should be denied because the proposed FAC will make the case a "'hybrid' collection action under FLSA and a California state law wage and hour class action under Fed. R. Civ. P. 23." Id. at 10. As such, defendants contend that "collective and class action devices inherently conflict,

---

[3] Defendants contend that "plaintiff has not sufficiently alleged grounds for relief in the FAC or established herself or the proposed new plaintiff, Barbara Guerra, as similarly situated to any other tax preparer in the nationwide FLSA subclass." Opp'n at 1. Defendants further argue that "plaintiff fails to assert any specific factual allegations that establish the purported 'pattern and practice' of the defendants on a nationwide basis or that there are any damages suffered by a nationwide class." Id. at 6.

[4] According to defendants, the Jones Court rejected the practice of adding general allegations in an amended complaint in lieu of specifying facts to support their claims, by denying plaintiffs' motion for leave to amend because the amended complaint did not contain a single factual allegation that would permit an inference that even one member of the collective action has a right to relief above the speculative level. Id. at 7 (citing Jones, 538 F. Supp. at 1103).

[5] Defendants contend that plaintiff's allegations, at paragraphs 30 to 32 of the proposed FAC, exemplify this tactic because they indicate that despite plaintiff's "lack of specific facts supporting her class allegations, she should be permitted massive amount of nationwide discovery into defendants' computer and payroll systems to create her case for a nationwide FLSA subclass." Id. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-6510-CAS (SHx) | Date | March 9, 2010 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC; ET AL. | | |

cause confusion, and will complicate the litigation and potential trial of this action."[6]  Id. at 1.  Defendants further contend that "numerous courts have found such actions impermissible because they violate the congressional intent in creating the opt-in procedure for overtime claims under the FLSA."  Id. at 10-11 (citing Ramsey v Ryan Beck & Co., No. 07-635, 2007 WL 2234567 at *4 (E.D. Pa. Aug. 1, 2007)).  Lastly, defendants argue that, if the Court permits the filing of the FAC, "it will be difficult to manage litigation and trial with both a Rule 23 state law class and an FLSA collective action"—specifically, such litigation will involve two overlapping, but most likely not identical sets of claimants, as well as different substantive laws.  Id. at 13.

Plaintiff replies that, while defendants have advanced arguments as if they were moving for dismissal pursuant to Fed. R. Civ. P 12(b)(6), they have failed to demonstrate the existence of any of the four factors used to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.  Reply at 2 (citing DCD Programs, 833 F.2d at 186).  Plaintiff contends that no bad faith exists because plaintiff obtained information that defendants' wrongful conduct took place throughout the United States subsequent to her filing of the initial complaint.  Id.  Plaintiff further contends that there is no undue delay because the four-month time period (September 8, 2009 to February 10, 2010) by itself is not enough to justify denying plaintiff's motion for leave to amend without a showing that defendants suffered prejudice.  Id. at 2-3 (citing Richardson Greenshields v. Lau, 825 F.2d 647, 653 n.6 (2nd Cir. 1987)).  Moreover, plaintiff argues that defendants have not demonstrated that they would be unduly prejudiced by the proposed amendment because "defendants have not expended much time and expense in discovery . . . , have not filed any motion thus far in the case, and a trial date has not been set."  Id. at 3-4 (citing Roller Bearing Co. of America, Inc. v. American Software, Inc., 570 F. Supp. 2d 376, 385 (D. Conn. 2008)).  In addition, plaintiff argues that defendants have not established futility because

---

[6] Defendants contend that, under the FLSA, a putative plaintiff must affirmatively opt-in to a § 216(b) action by filing with the district court a written consent to sue.  Opp'n at 10 (citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001)).  By contrast, "in a Rule 23 class action, each person who falls within the class definition is considered to be a class member and is bound by the judgement, favorable or unfavorable, unless he has opted out."  Id. (citing Hipp, 252 F.3d at 1216).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-6510-CAS (SHx) | Date | March 9, 2010 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC; ET AL. | | |

"the addition of the FLSA nationwide subclass . . . serves a legitimate purpose and will promote judicial economy." Id. at 4, 7. Lastly, plaintiff argues that the proposed FAC satisfies the pleading standards under Fed. R. Civ. P. 8(a)(2) because the facts alleged put defendants on notice of the nature of the FLSA claim. Id. at 5-6 (citing Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir. 1990)).

      The Court finds that defendants arguments regarding insufficient pleading under Fed. R. Civ. P 8(a)(2), due to plaintiff's inability to establish a plausible nationwide FLSA subclass, are better decided on a motion to dismiss or class certification. The court concludes that plaintiff's motion to file the proposed FAC should be granted because such motions are liberally granted and that this "extreme liberality" outweighs defendants' concerns of prejudice or futility. See DCD Programs, 833 F.2d at 186. However, the Court recognizes that good cause may exist for continuing the May 6, 2010 deadline for filing the motion for class certification, and will hear oral argument as to whether the current scheduling order should be modified.

**IV.   CONCLUSION**

      In accordance with the foregoing, the Court hereby GRANTS plaintiff's motion to file the proposed first amended complaint.

      IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |