SEYFARTH SHAW LLP
Andrew M. Paley (SBN 149699)
apaley@seyfarth.com
Sheryl L. Skibbe (SBN 199441)
sskibbe@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Andrew M. McNaught (SBN 209093)
amcnaught@seyfarth.com
Ashley E. Choren (SBN 260337)
achoren@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
H&R Block Enterprises LLC, H&R Block Tax Services LLC (successor by merger with H&R Block Tax Services, Inc.), and HRB Tax Group, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DELANA L. UGAS, an individual; on her own behalf and on behalf of all others similarly situated, BARBARA GUERRA, an individual; on her own behalf and on behalf of all others similarly situated

Plaintiffs,

v.

H&R BLOCK ENTERPRISES, LLC, a Missouri Corporation; H&R BLOCK TAX GROUP, INC., a Missouri Corporation; H&R BLOCK TAX SERVICES, INC., a Missouri Corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No. CV09-6510 CAS (SHx)

Hon. Christina A. Snyder

**DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Complaint Filed: July 13, 2009

Defendant H&R Block Enterprises LLC ("Defendant") hereby answers the unverified First Amended Complaint of Plaintiffs Delana Ugas and Barbara Guerra (collectively "Plaintiffs") in accordance with the numbered paragraphs thereof.

## JURISDICTION AND VENUE

1. There are no factual allegations set forth in Paragraph 1 of the Complaint, and thus, no response is required. To the extent a response is required, Defendant admits that Plaintiffs intend to bring a claim under the FLSA and that this Court has subject-matter jurisdiction over claims brought under the FLSA. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2. Defendant admits that this is a permissible venue. Defendant denies all other allegations in paragraph 2.

## PLAINTIFFS

3. Defendant admits that Plaintiff Delana Ugas is an individual who resides in California. Defendant H&R Block Enterprises, LLC admits that it employed Plaintiff to work as a seasonal tax professional at certain times during the relevant time period. Defendant denies all other allegations in Paragraph 3.

4. Defendant admits that Plaintiff Barbara Guerra is an individual who resides in California. Defendant H&R Block Enterprises, LLC admits that it employed Plaintiff to work as a seasonal tax professional at certain times during the relevant time period. Defendant denies all other factual allegations in Paragraph 4.

## CLASS ALLEGATIONS

5. Defendant admits that Plaintiffs purport to bring certain claims alleged in this action on behalf of themselves and a putative class of similarly situated individuals but denies that Plaintiffs are similarly situated to other employees employed as seasonal Associates, Tax Advisors, Senior Tax Advisors, and/or Tax Preparers, and denies that this action is suitable for certification as a

class action under California Code of Civil Procedure section 382 or F.R.C.P. Rule 23. Defendant denies all other allegations contained in Paragraph 5 and all subparts.

6. Paragraph 6 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that Paragraph 6 purports to contain any allegations of fact, Defendant denies the allegations contained in Paragraph 6.

7. Paragraph 7 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that Paragraph 7 purports to contain any allegations of fact, Defendant denies the allegations contained in Paragraph 7.

8. Paragraph 8 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that Paragraph 8 purports to contain any allegations of fact, Defendant denies the allegations contained in Paragraph 8 and subparts.

9. Paragraph 9 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that Paragraph 9 purports to contain any allegations of fact, Defendant denies the allegations contained in Paragraph 9.

10. Paragraph 10 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that Paragraph 10 purports to contain any allegations of fact, Defendant denies the allegations contained in Paragraph 1 and subpart.

11. Paragraph 11 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that Paragraph 11 purports to contain any allegations of fact, Defendant denies the allegations contained in paragraph 11 and subparts.

12. Defendant denies the allegations contained in paragraph 12.

13. Paragraph 11 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that Paragraph 13 purports to contain any allegations of fact, Defendant denies the allegations contained in paragraph 13 and subparts.

**DEFENDANTS**

14. Defendant admits that H&R Block Enterprises LLC is a Missouri limited liability company licensed to do business in the State of California. H&R Block Enterprises LLC was formerly H&R Block Enterprise Services, LLC. Defendant H&R Block Enterprises LLC admits that it employed Plaintiffs to work as seasonal tax professionals at certain times during the relevant time period. Defendant denies the remaining allegations contained in Paragraph 14 and subparts.

15. Defendant admits that H&R Block Tax Group, Inc. is a Missouri corporation licensed to do business in the State of California. Defendant denies that H&R Block Tax Group, Inc. or H&R Block Tax Services, Inc. employed Plaintiffs or any seasonal tax professionals that Plaintiffs are seeking to represent and denies the remaining allegations contained in Paragraph 15 and subparts.

16. Defendant admits that H&R Block Tax Services Group, Inc. is a Missouri corporation licensed to do business in California. Defendant denies that H&R Block Tax Services Group, Inc. employed Plaintiffs or any seasonal tax professionals that Plaintiffs are seeking to represent and denies the remaining allegations contained in Paragraph 16 and subparts.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

**THE CONDUCT**

22. Defendant admits that H&R Block Enterprises LLC provides tax preparation services in California. Defendant denies the remaining allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26 and subparts.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31 and subparts.

32. Defendant denies the allegations contained in paragraph 32.

**FIRST CLAIM FOR RELIEF**

33. Defendant incorporate the answers contained in the previous paragraphs of this Answer as if fully set forth herein.

34. Paragraph 34 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.

35. Paragraph 35 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39 and Defendant denies that Plaintiffs are entitled to the damages or relief requested.

**SECOND CLAIM FOR RELIEF**

40. Defendant incorporates the answers contained in the previous paragraphs of this Answer as if fully set forth herein.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43 and Defendant denies that Plaintiffs are entitled to the damages or relief requested.

**THIRD CLAIM FOR RELIEF**

44. Defendant incorporates the answers contained in the previous paragraphs of this Answer as if fully set forth herein.

45. Paragraph 45 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.

46. Paragraph 46 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48 and Defendant denies that Plaintiffs are entitled to the damages or relief requested.

**FOURTH CLAIM FOR RELIEF**

49. Defendant incorporates the answers contained in the previous paragraphs of this Answer as if fully set forth herein.

50. Paragraph 50 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

53. Paragraph 53 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that Paragraph 53 purports to contain any allegations of fact, Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in paragraph 54 and Defendant denies that Plaintiffs are entitled to the damages or relief requested.

55. Defendant denies the allegations contained in paragraph 55 and Defendant denies that Plaintiffs are entitled to the damages or relief requested.

56. Defendant denies the allegations contained in paragraph 56 and Defendant denies that Plaintiffs are entitled to the damages or relief requested.

**FIFTH CLAIM FOR RELIEF**

57. Defendant incorporates the answers contained in the previous paragraphs of this Answer as if fully set forth herein.

58. Defendant denies the allegations contained in paragraph 58.

59. Defendant denies the allegations contained in paragraph 59 and Defendant denies that Plaintiffs are entitled to the damages or relief requested.

**SIXTH CLAIM FOR RELIEF**

60. Defendant incorporates the answers contained in the previous paragraphs of this Answer as if fully set forth herein.

61. Paragraph 61 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that Paragraph 61 purports to contain any allegations of fact, H&R Block Enterprises LLC admits that Guerra was classified as a non-exempt employee. Defendant denies the remaining allegations contained in Paragraph 61.

62. Paragraph 62 contains conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.

63. Defendant denies the allegations contained in paragraph 63.

64. Defendant denies the allegations contained in paragraph 64.

65. Defendant denies the allegations contained in paragraph 65 and Defendant denies that Plaintiffs are entitled to the damages or relief requested.

**PRAYER**

Defendant denies, generally and specifically, that Plaintiffs and/or any of the putative class members have been damaged in the amounts alleged, or in any amount at all, by reason of any act, omission or other conduct on the part of Defendant, or on the part of Defendant's agents, representatives, and/or employees. Defendant further denies, generally and specifically, that Plaintiffs and the proposed class members are entitled to the relief sought in the First Amended Complaint or the Prayer, or any other relief sought whatsoever. Defendant generally denies any allegations of Plaintiffs' Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses without assuming any burden of production of proof that it otherwise would not have.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action – All Claims)**

The First Amended Complaint and each claim alleged therein fails to state facts sufficient to constitute claims upon which relief can be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations – All Claims)**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure sections 335.1, 337, 338(a) and 340, California Business & Professions Code section 17208 and 29 U.S.C. section 255.

## THIRD AFFIRMATIVE DEFENSE

**(*De Minimis*—All Claims)**

Plaintiffs' claims are in whole or in part *de minimis*.

## FOURTH AFFIRMATIVE DEFENSE

**(Willfulness/Good Faith Dispute—First, Second, Third Claims)**

Plaintiff or any putative collective action member or class member is not entitled to any penalty awarded under the California Labor Code, as, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of California Labor Code, sections 200, *et seq.*, or any other provision, but rather acted in good faith and had reasonable grounds for believing that they did not violate the compensation provisions of California Labor Code sections 200, *et seq.*, or any other provision therein.

## FIFTH AFFIRMATIVE DEFENSE

**(Laches – All Claims)**

Plaintiffs have delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant, and thus, Plaintiffs' claims are barred by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

**(Waiver and Estoppel – All Claims)**

Plaintiffs' First Amended Complaint, and each and every claim alleged therein, is barred by the doctrines of waiver and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

**(Unclean Hands – All Claims)**

Plaintiffs' First Amended Complaint, and each and every claim alleged therein, is barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Standing – Second and Fourth Causes of Action)**

Plaintiffs are former employees and lack standing to seek injunctive relief and civil penalties or damages under relevant portions of the California Labor Code, including but not limited to section 226, and California Business and Professions Code section 17200 *et seq.* because, *inter alia*, Plaintiffs have not suffered any injury in fact or lost money or property as a result of any unfair competition, and/or no penalties are available under the statutes Plaintiffs sues upon.

**NINTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law – Fourth Cause of Action)**

Plaintiffs' claim for injunctive relief is barred because to the extent that Plaintiffs have been injured at all (which Defendant denies), Plaintiffs have an adequate remedy at law.

**TENTH AFFIRMATIVE DEFENSE**

**(Offset – All Claims)**

Defendant is entitled to an off-set for any overpayments of wages it provided for work never actually performed, any damages incurred by Plaintiffs' acts or omissions or inadvertent overpayment for hours worked.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction/Release- All Claims)**

Plaintiffs' claims are barred, in whole or in part, pursuant to an accord and satisfaction and/or are barred to the extent that Plaintiffs or any putative class member have entered into or is otherwise bound by compromise, settlement or release agreements regarding those claims.

## TWELFTH AFFIRMATIVE DEFENSE

**(Good Faith - Fifth and Sixth Claims)**

Defendant's acts or omissions complained of in the Complaint were done in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor with respect to the class of employers to which Defendant belongs and thus are subject to the provisions of 29 U.S.C. section 259.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Good Faith - Fifth and Sixth Claims)**

Defendant's acts or omissions complained of in the Complaint were done in good faith and Defendant had reasonable grounds for believing that its actions or omissions were not in violation of applicable laws and thus subject to the provisions of 29 U.S.C. section 260.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Res Judicata – All Claims)**

Plaintiffs' Complaint and each and every claim for relief alleged therein is barred by the doctrines of res judicata and/or collateral estoppel, to the extent that Plaintiffs, any putative collective action member, putative class member or other putative beneficiary of this action has asserted in any prior legal or administrative proceeding that he or she was entitled to additional payment for overtime, meal periods, rest breaks, reimbursement, and/or waiting time penalties, and did not prevail on such claim.

## PRAYER

Wherefore, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by their First Amended Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiffs on all causes of action;

3. That Defendant be awarded reasonable attorneys' fees according to proof;

4. That Defendant be awarded the costs of suit incurred herein; and

5. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: May 27, 2010

SEYFARTH SHAW LLP

By /s/Andrew M. McNaught
Andrew M. McNaught

Attorneys for Defendants
H&R Block Enterprises LLC, H&R Block Tax Services LLC (successor by merger with H&R Block Tax Services, Inc.), and HRB Tax Group, Inc.