1 | SEYFARTH SHAW LLP
Andrew M. Paley (SBN 149699)
2 | apaley@seyfarth.com
Sheryl L. Skibbe (SBN 199441)
3 | sskibbe@seyfarth.com
2029 Century Park East, Suite 3500
4 | Los Angeles, California 90067
Telephone: (310) 277-7200
5 | Facsimile: (310) 201-5219

6 | Andrew M. McNaught (SBN 209093)
amcnaught@seyfarth.com
7 | Ashley E. Choren (SBN 260337)
achoren@seyfarth.com
8 | 560 Mission Street, Suite 3100
San Francisco, California 94105
9 | Telephone: (415) 397-2823
Facsimile: (415) 397-8549

10

11 | Attorneys for Defendants

12 | ARIAS OZZELLO & GIGNAC LLP
Mike Arias (SBN 115385)
13 | Mark A. Ozzello (SBN 116595)
Arnold C. Wang (SBN 204431)
14 | 6701 Center Drive West, Suite 4100
Los Anglese, California 90045-1558

15 | Attorneys for Plaintiff

**UNITED STATES DISTRICT**

16

**CENTRAL DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| 18  DELANA L. UGAS, an individual; on her own behalf and on behalf of all | Case No. CV09-6510 CAS (SHx) |
| 19  others similarly situated, | Hon. Christina A. Snyder |
| 20        Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| 21     v. | |
| 22  H&R BLOCK ENTERPRISES, LLC, a Missouri Corporation; H&R TAX | Complaint Filed: July 13, 2009 |
| 23  GROUP, INC., a Missouri Corporation; H&R BLOCK TAX SERVICES, INC., a | |
| 24  Missouri Corporation; and DOES 1 through 10, inclusive, | |
| 25        Defendants. | |

26

27

28

8772724v.1

Plaintiffs Delana Ugas and Barbara Guerra ("Plaintiffs") and Defendants H&R Block Enterprises LLC, H&R Block Tax Services, LLC (erroneously sued as H&R Block Tax Services, Inc.) and H&R Block Tax Group, Inc. ("Defendants"), by and through their respective counsel, hereby submit this Stipulated Protective Order.

I.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

II.    DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

8772724v.1

1    2.3   "CONFIDENTIAL" Information or Items:  information

2  (regardless of how generated, stored or maintained) or tangible things that qualify

3  for protection under standards developed under F.R.Civ.P. 26(c), including but not

4  limited to Defendants' operating policies, procedures, manual, non-public financial

5  information, Defendants' clients' account and tax information, information

6  referring to Defendants' payroll/HR data, proprietary software, and other trade

7  secret information.  In agreeing to the protection of "trade secret" information, the

8  parties hereby incorporate the definition for that term as stated in California Civil

9  Code section 3426.1(d).[1]

10    2.4   Receiving Party:  a Party that receives Disclosure or

11  Discovery Material from a Producing Party.

12    2.5   Producing Party:  a Party or non-party that produces

13  Disclosure or Discovery Material in this action.

14    2.6   Designating Party:  a Party or non-party that designates

15  information or items that it produces in disclosures or in responses to discovery as

16  "CONFIDENTIAL."

17    2.7   Protected Material:  any Disclosure or Discovery Material that

18  is designated as "CONFIDENTIAL."

19    2.8   Outside Counsel:  attorneys who are not employees of a Party

20  but who are retained to represent or advise a Party in this action.

21    2.9   House Counsel:  attorneys who are employees of a Party.

22    2.10   Counsel (without qualifier):  Outside Counsel and House

23  Counsel (as well as their support staffs).

24    2.11   Expert:  a person with specialized knowledge or experience in

25  a matter pertinent to the litigation who has been retained by a Party or its counsel

26  [1] California Civil Code section 3426.1(d) provides that trade secret means "Trade secret" means information,
27  including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives
    independent economic value, actual or potential, from not being generally known to the public or to other persons
    who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under
28  the circumstances to maintain its secrecy.

8772724v.1

1  to serve as an expert witness or as a consultant in this action and who is not a past

2  or a current employee of a Party or of a competitor of a Party's and who, at the

3  time of retention, is not anticipated to become an employee of a Party or a

4  competitor of a Party's.  This definition includes a professional jury or trial

5  consultant retained in connection with this litigation.

6          2.12    <u>Professional Vendors</u>:  persons or entities that provide

7  litigation support    services (e.g., photocopying; videotaping; translating;

8  preparing exhibits or demonstrations; organizing, storing, retrieving data in any

9  form or medium; etc.) and their employees and subcontractors.

10  III.   <u>SCOPE</u>

11      The protections conferred by this Stipulation and Order cover not only

12  Protected Material (as defined above), but also any information copied or extracted

13  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

14  testimony, conversations, or presentations by parties or counsel to or in court or in

15  other settings that might reveal Protected Material.

16  IV.   <u>DURATION</u>

17      Even after the termination of this litigation, the confidentiality obligations

18  imposed by this Order shall remain in effect until a Designating Party agrees

19  otherwise in writing or a court order otherwise directs.

20  V.   <u>DESIGNATING PROTECTED MATERIAL</u>

21      5.1    <u>Exercise of Restraint and Care in Designating Material for</u>

22  <u>Protection</u>. Each Party or non-party that designates information or items for

23  protection under this Order must take care to limit any such designation to specific

24  material that qualifies under the appropriate standards.

25      If it comes to a Party's or a non-party's attention that information or

26  items that it  designated for protection do not qualify for protection at all, that Party

27  or non-party must promptly notify all other parties that it is withdrawing the

28  mistaken designation.

4

8772724v.1

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains protected material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have the entire testimony be protected for 20 days. Immediately following the 20 day period, the Party or non-party must identify the specific protected portions of the testimony. Only those portions of the testimony that are appropriately designated for protection immediately following the 20 day waiting period shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL."

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the

information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

VI.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

8772724v.1

6.3 <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 that identifies the challenged material and sets forth in detail the basis for the challenge. Every motion filed and served under Civil Local Rule 7 must be in compliance with Civil Local Rule 79-5.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated

CONFIDENTIAL only to:

     (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

     (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

     (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation; and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

     (d) the Court and its personnel;

     (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

     (f) during their depositions, third-party witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

     (g) the author of the document or the original source of the information.

VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

     If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL", the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event

8772724v.1

more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

IX.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9

8772724v.1

X.    FILING PROTECTED MATERIAL.  In the event that a Party seeks to file any Protected Material, that Party must meet and confer with the Designating Party regarding whether it is necessary to file the Protected Material under seal and to inform the Designating Party that the Party intends to file Protected Material.  The Party must meet and confer at least 20 days prior to the filing of the Protected Material.  The Party asserting that the Protected Material should be filed under seal shall apply for an order pursuant to Civil Local Rule 79-5.

If the Designating Party does not file an application within 20 days, the Protected Material shall be filed in the public record in this action.  If a Party that seeks to file any Protected Material does not meet and confer with the Designating Party, that Party shall seek to file the Protected Material under seal pursuant to Civil Local Rule 79-5.

XI.    FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to  retain an archival copy of all pleadings, motion papers, transcripts,

10

8772724v.1

1  legal memoranda, correspondence or attorney work product, even if such materials

2  contain Protected Material. Any such archival copies that contain or constitute

3  Protected Material remain subject to this Protective Order as set forth in Section 4

4  (DURATION), above.

5       XII.   MISCELLANEOUS

6            12.1 Right to Further Relief.  Nothing in this Order abridges the right

7  of any person to seek its modification by the Court in the future.

8            12.2 Right to Assert Other Objections.  By stipulating to the entry of

9  this Protective Order no Party waives any right it otherwise would have to object to

10 disclosing or producing any information or item on any ground not addressed in

11 this Stipulated Protective Order. Similarly, no Party waives any right to object on

12 any ground to use in evidence of any of the material covered by this Protective

13 Order.

14       **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

15 DATED: April 23, 2010          SEYFARTH SHAW LLP

16

17                              By _____

18                                       Sheryl Skibbe
                                Attorneys for Defendants
19                              H&R BLOCK ENTERPRISES, LLC, H&R
                                TAX GROUP, INC, and H&R BLOCK TAX
20                              SERVICES, INC.

21 DATED: April ___, 2010         ARIAS OZZELLO & GIGNAC LLP

22

23                              By _____
                                       Mark Ozzello
24                                     Arnold Wang
                                Attorneys for Plaintiffs
25                              DELANA UGAS and BARBARA GUERRA

26

27

28

                                    11

8772724v.1

1   legal memoranda, correspondence or attorney work product, even if such materials

2   contain Protected Material. Any such archival copies that contain or constitute

3   Protected Material remain subject to this Protective Order as set forth in Section 4

4   (DURATION), above.

5       XII.    MISCELLANEOUS

6            12.1 Right to Further Relief. Nothing in this Order abridges the right

7   of any person to seek its modification by the Court in the future.

8            . 12.2 Right to Assert Other Objections. By stipulating to the entry of

9   this Protective Order no Party waives any right it otherwise would have to object to

10   disclosing or producing any information or item on any ground not addressed in

11   this Stipulated Protective Order. Similarly, no Party waives any right to object on

12   any ground to use in evidence of any of the material covered by this Protective

13   Order.

14        **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

15   DATED: April ___, 2010       SEYFARTH SHAW LLP

16

17                                  By_____

18                                     Sheryl Skibbe
                                   Attorneys for Defendants

19                                    H&R BLOCK ENTERPRISES, LLC, H&R
                                   TAX GROUP, INC, and H&R BLOCK TAX

20                                    SERVICES, INC.

21   DATED: April 20, 2010       ARIAS OZZELLO & GIGNAC LLP

22

23                                     By _____
                                       Mark Ozzello

24                                        Arnold Wang
                                   Attorneys for Plaintiffs

25                                    DELANA UGAS and BARBARA GUERRA

26

27

28

8772724v.1

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3    Dated:   6/4/10

4                                              Honorable Christina A. Snyder
                                               United States District Court Judge
5                                                        MAG

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8772724v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Central District of

California on _____ in the case of *Ugas v. H&R Block Enterprises LLC, et al.*

Case No. CV09-6510 CAS (SHx).  I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]


Signature:_____
                    [signature]

---

13

STIPULATED PROTECTIVE ORDER / CASE NO. CV09-6510 CAS (SHx)

8772724v.1