UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers:) PLAINTIFFS' MOTION FOR (1) CLASS CERTIFICATION; (2) CONDITIONAL CERTIFICATION OF AN FLSA CLASS; (3) APPOINTMENT OF CLASS REPRESENTATIVE; AND (4) APPOINTMENT OF CLASS COUNSEL** (filed 01/28/11)

**DEFENDANTS' EX PARTE APPLICATION FOR A REQUEST TO STAY THE COURT'S DECISION REGARDING CERTIFICATION OF A MEAL BREAK CLASS AND ALL PROCEEDINGS REGARDING PLAINTIFFS' MEAL BREAK CLAIM** (filed 7/21/11)

## I.    INTRODUCTION

On July 13, 2009, plaintiff Delana L. Ugas ("Ugas"), on behalf of herself and other individuals similarly situated, filed this class action case in Los Angeles Superior Court against defendants H&R Block Enterprises LLC, H&R Tax Group, Inc., and H&R Block Tax Services, Inc. alleging (1) failure to pay overtime compensation in violation of Industrial Wage Order No. 5-89 and Cal. Labor Code §§ 510, 1194, and 1198; (2) failure to provide itemized statements in violation of Cal. Labor Code § 226; (3) failure to provide meal and rest breaks in violation of Cal. Labor Code §§ 226.7 and 512; and (4) unfair competition in violation of Cal. Bus. & Prof. Code § 17200, et seq. On September 8, 2009, defendants answered the complaint and timely removed the case to this Court based on diversity jurisdiction under the Class Action Fairness Act of 2005.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|----------|----------------------|------|----------------|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

On March 10, 2010, the Court granted plaintiff's Motion to file a First Amended Complaint, adding a nationwide subclass for defendants' allegedviolation of the Fair Labor Standards Act ("FLSA"). Plaintiffs' First Amended Complaint ("FAC")[1] alleges: (1) failure to pay overtime compensation in violation of Industrial Wage Order No. 5-89 and Cal. Labor Code §§ 510, 1194, and 1198; (2) failure to provide itemized statements in violation of Cal. Labor Code § 226; (3) failure to provide meal and rest breaks in violation of Cal. Labor Code §§ 226.7 and 512; (4) unfair competition in violation of Cal. Bus. & Prof. Code § 17200, et seq; (5) failure to pay overtime compensation in violation of 29 U.S.C. § 207; and (6) failure to pay wages in violation of 29 U.S.C. § 206.

On August 31, 2010, the Court granted plaintiffs' motion to file a second amended complaint ("SAC"), which plaintiffs filed on September 21, 2010. In their SAC, plaintiffs added allegations to clarify their sixth claim, and added their seventh and eighth claims for failure to pay wages in violation of Cal. Labor Code § 1197 and failure to pay wages in violation of California Labor Code §§ 201, 202, 203. Plaintiffs also added an additional nationwide subclass for their sixth claim and additional California subclasses for the proposed seventh and eighth claims.

On January 28, 2011, plaintiffs filed motions for class certification, conditional certification of an FLSA class, appointment of class representatives, and appointment of class counsel. On February 23, 2011, plaintiffs filed an amendment to the motions. On April 22, 2011, defendants filed oppositions to plaintiffs' motions. On May 16, 2011, plaintiffs filed reply briefs in support of their motions. On May 23, 2011, defendants filed a notice of new authority in support of their opposition to plaintiffs' motions. On June 3, 2011, with leave of court, defendants filed a sur-reply. The Court heard oral argument on June 6, 2011, and took this matter under submission. On June 8, 2011, and June 24, 2011, defendants filed an additional notice of new authority in support of their opposition. On June 20, 2011, the United States Supreme Court issued its opinion in Wal-Mart Stores, Inc. v. Dukes, et al., No. 10-277, 564 U.S. ___ (June 20, 2011) . On Jun 29, 2011, plaintiff filed a response to defendants' notices of new authority. On July 18, 2011, a hearing was held. Having carefully considered the arguments of the parties and the Supreme Court's decision in Dukes, the Court finds and concludes as follows.

---

[1]The FAC also names Barbara Guerra as a plaintiff on her own behalf and on behalf of all others similarly situated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

## II.   LEGAL STANDARD

### A.   Plaintiffs' motion for class certification

"Class actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits, and (2) to protect rights of persons who might not be able to present claims on an individual basis." Haley v. Medtronic, Inc., 169 F.R.D. 643, 647 (C.D. Cal. 1996) (citing Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983)). Fed.l R. Civ. P. 23 governs class actions. A class action "may be certified if the trial court is satisfied after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 161 (1982).

To certify a class action, plaintiffs must set forth prima facie facts that support the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Dunleavy v. Nadler (In re Mego Fir. Corp. Sec. Litig.), 213 F.3d 454, 462 (9th Cir. 2000) (internal quotations omitted). These requirements effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." Falcon, 457 U.S. at 155 (quoting Califano v. Yamasaki, 442, U.S. 682, 701 (1979)).

If the district court finds that the action meets the prerequisites of Rule 23(a), the court must then consider whether the class is maintainable under one or more of the three alternatives set forth in Rule 23(b). A class is maintainable under Rule 23(b)(1) where "prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1).

A class is maintainable under Rule 23(b)(2) where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | | Date | August 4, 2011 |
|---|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | | |

class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) is not appropriate for all classes and does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1186 (9th Cir. 2007) (quotations omitted). The Ninth Circuit has declined to adopt a bright line rule distinguishing between incidental and nonincidental damages. Molski v. Gleich, 318 F.3d 937, 950 (9th Cir. 2003). Instead, courts in this Circuit must "examine the specific facts and circumstances of each case, focusing predominantly on the plaintiffs' intent in bringing the suit." Dukes, 509 F.3d at 1186. To certify a class under Rule 23(b)(2) there must be a finding that "(1) even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate were the plaintiffs to succeed on the merits." Id. (quoting Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 164 (2d Cir. 2001)).

A class is maintainable under Rule 23(b)(3) where "questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members," and where "a class action is *superior* to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added). "The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998) (citing Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997)). The predominance inquiry measures the relative weight of the common to individualized claims. Id. "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1189 (9th Cir. 2001) (citing Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996)). In determining superiority, the court must consider the four factors of Rule 23(b)(3): (1) the interests members in the class have in individually controlling the prosecution or defense of the separate actions; (2) the extent and nature of any litigations concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely encountered in the management of a class action. Id. at 1190-1993. "If the main issues in a case require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate." Id. (citing 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

and Procedure § 1778 at 535-39 (2d. ed. 1986) (hereinafter "Wright, Miller & Kane")).

### B.    Plaintiffs' motion for conditional certification of an FLSA class

Congress enacted the FLSA in 1938 to establish nationwide minimum wage and maximum hours standards.   Moreau v. Klevenhagen, 508 U.S. 22, 25 (1993).  Section 7 of the FLSA encourages compliance with maximum hours standards by providing that employees generally must be paid on a time-and-one-half basis for all hours worked in excess of forty hours per week.  29 U.S.C. § 207(a).  However, under the Fair Labor Standards Amendments of 1985, public employers may compensate employees who work overtime with extra time off instead of overtime pay in certain circumstances.  Moreau, 508 U.S. at 24.

A "collective action" differs from a class action.  McElmurry v. U.S. Bank Nat'l Ass'n, 495 F.3d 1136, 1139 (9th Cir. 2007).  "In a class action, once the district court certifies a class under Rule 23, all class members are bound by the judgment unless they opt out of the suit. By contrast, in a collective action each plaintiff must opt into the suit by 'giv[ing] his consent in writing.'"  Id. (citing 29 U.S.C. § 216(b)).  As result, "unlike a class action, only those plaintiffs who expressly join the collective action are bound by its results."  Id. (citing 29 U.S.C. § 256).  Section 216(b) does not require district courts to approve or authorize notice to potential plaintiffs, but it is "within the discretion of a district court" to authorize such notice.  Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 173 (1989).

The majority of courts, including this Court, follow a two-step approach for determining whether certification of a § 216(b) collective action is appropriate.  See, e.g., Reed v. County of Orange, 266 F.R.D. 446, 449 (C.D. Cal. 2010); Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 990 (C.D. Cal. 2006); Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004).  Under the two-step approach, the court must first decide, "based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action."  Leuthold, 224 F.R.D. at 467.  This determination is usually made "under a fairly lenient standard and typically results in conditional class certification."  Id. at 467.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

At the post-discovery stage of the certification process, the Court engages in a "more rigorous" analysis to determine whether the plaintiffs are "similarly situated" to justify proceeding as a collective action. Reed, 266 F.R.D. at 449 (citing Leuthold, 224 F.R.D. at 467). At the second step, the defendant generally moves to decertify the collective action, but plaintiffs still bear the burden of providing substantial evidence to demonstrate that they are similarly situated. Id. "Whether to decertify is a factual determination, made by the court, based on the following factors: '(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations.'" Edwards, 467 F. Supp. 2d at 990 n. 1 (quoting Leuthold, 224 F.R.D. at 467).

## III.    DISCUSSION

Plaintiffs allege that defendants' "uniform policies and procedures, and its own internal timekeeping and payroll records demonstrate [] systematic violations" of wage and hour laws. Mot. at 1. With respect to their meal break claims, plaintiffs assert that defendants' employees, with defendants' knowledge, regularly work through their meal break and are not compensated for that time at the premium required under California law. Plaintiffs further contend that Time Entry Audit Reports generated by defendants evidence when employees have "been deprived of their meal period," and that deposition and declaration testimony and the official written policies of defendants support the argument that employees are not paid at the legally-mandated premium when they are so deprived.

Plaintiffs assert that defendants have a uniform unwritten policy to adjust employees' time records, which results in an improper failure to pay overtime wages to those employees. With respect to their off-the-clock claims, plaintiffs assert that the violations are apparent through comparison of two computer programs used by defendants: the STAR clock and STARweb systems, through which employees clock in and out and which are used to calculate the amounts paid to employees; and the Tax Preparation Software system, which records the amount of time that clients' tax returns are open on employees' computers. According to plaintiffs, a comparison of these systems is likely to show that employees had the Tax Preparation Software system open, and were therefore working, for more hours in a given day than for which they were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | | Date | August 4, 2011 |
|---|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | | |

compensated based on the STAR systems.  Plaintiffs also submit declaration testimony by Ruben Perez, who served as a district manager, that they argue supports their contention that district managers in Region 33 were "aware" and "allowed Tax Professionals to work off-the-clock," and declaration testimony of an office manager, Luci Cabrera, that she was instructed by a district manager to change employees' time records in such a way that would prevent them from being properly compensated for overtime hours.

### A.    Plaintiffs' motion for class certification

Plaintiffs argue that this action is amenable to class action treatment.  First, plaintiffs argue, the class definitions are "objective, precise, and straightforward," and members of the class are easily identifiable by "the payroll Time Listing Reports, the TPs Reports and the Time Entry Audit Reports."  Mot. at 13.  Moreover, plaintiffs argue, the numerosity requirement is met because "according to Defendant's records, there are at minimum 20,000 potential class members."  Id. at 14.  Additionally, plaintiffs argue, common questions of law and fact with respect the meal break violations and defendants' knowing allowance of "off-the-clock work to be performed" predominate over individual issues and class-wide methods of proof are available.  Id. at 15.  Specifically, plaintiffs argue that the meal break violation is demonstrable through the Time Entry Audit Reports, and the failure to pay overtime and off-the-clock work is demonstrable through a comparison of the Time Listing Reports with the TPS Reports.  Id. at 15.  Plaintiffs further argue that "the following facts clearly demonstrate typicality:  Plaintiffs and all class members were employed by Defendants and performed work for Defendants within the class period for compensation on an hourly basis; Plaintiff and all class members['] time was recorded by the same software system and that system generated everyone's payroll; Plaintiff and all class members were subject to the same Policies and Procedures as applied by Defendants; Plaintiff was not properly paid for all time actually worked.[2]

---

[2] Plaintiffs argue that several policies in particular are indicative of defendants' widespread failure to pay plaintiffs for all hours worked.  For example, plaintiffs contend that defendants instruct employees to "time into STARCLOCK [upon arrival] [only] if clients are not waiting."  Reply at 3.  They further contend that defendants "have an 'Error Message' appear on the TP computer screen when the TP is approaching or exceeds the applicable regular time hours [whether that be 8 in a day or 40 in a week] that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | | Date | August 4, 2011 |
|---|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | | |

Thus, Plaintiff's claims for unpaid wages (for time worked) and for violation of California's meal period requirements, are based on the same events, facts, and circumstances as the facts underlying the claims of the class members." Id. at 16. Plaintiffs further argue that "Ugas and her counsel will fairly and adequately represent the class." Id. at 17. "Class Counsel [are] well-regarded and accomplished trial lawyers who are qualified and experienced in complex and class-action litigation. (Ozzello Decl. at ¶ 4.)  Class Plaintiff will vigorously, adequately and fairly represent the interests of the class." Id. at 17.

Additionally, plaintiffs argue, class action treatment is superior in this case "due to the likelihood of repetitious litigation.  The individual class members have a far greater interest in seeing this case adjudicated as a class action than in pursuing their cases on an individual basis.  Second, the issues here are so clearly common to all class members, this Court will face virtually no difficulties in maintaining this as a class action." Id. at 18. Plaintiffs also argue that common issues of law and fact predominate over individual issues.  "In the present case, the issues that predominate over all others is whether Defendants' policy of not paying the meal break premium, and not paying for all time worked, will be subject to common proof that predominates." Reply at 20.  Alternatively, plaintiffs argue, the class should be certified under Rule 23(b)(2) because the relief requested includes injunctive relief.  Mot. at 19.

In opposition, defendants argue that plaintiffs' action is not amenable to class certification because their "motion fails to satisfy even the threshold requirements of commonality and typicality under Rule 23(a).  Plaintiffs' claims are based on the conduct of a single supervisor who violated lawful company-wide policies.  This type of fact pattern does not support a class action." Opp. at 12.  "Plaintiffs' primary complaint is that their supervisor, Cabrera, altered their time entries, which improperly reduced their pay.  Ugas and Guerra each testified that they had no knowledge of time records being altered in any offices besides Pomona."[3]  Id. at 6.

---

says: 'The employee is not qualified for overtime hours." Id. at 4.  Further, plaintiffs argue, H&R Block does not pay the meal break premium.  Id.

[3]In reply, plaintiffs challenge defendants' characterization of the evidence. "Defendants represent that Ugas and Guerra testified that they had no knowledge of time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

  Defendants further argue that plaintiffs' motion additionally fails because they cannot meet the requirements of Rule 23(b), because individual issues predominate, and plaintiffs fail to "present workable trial plans for the trial of class claims." Id. at 16. With respect to plaintiffs' allegations regarding off-the-clock work, defendants argue that plaintiffs' claims are "based on the actions of the supervisor in their office, [and therefore] extend no farther than themselves." Id. Defendants urge the Court to follow other courts that "have held that off-the-clock cases are unsuitable for class certification," because "[d]etermining whether and why an employee worked off-the-clock requires an individual inquiry–particularly where, as here, the employer expressly proscribes that work and where there is no uniform policy or practice permitting off the clock work." Id. at 17, citing Washington v. Joe's Crab Shack, 271 F.R.D. 629, 630 (N.D. Cal. 2010), Smith v. T-Mobile USA, Inc., 2007 WL 2385131 at *8 (C.D. Cal. Aug. 15, 2007).

  Moreover, defendants argue, plaintiffs do not establish a class-wide method of proof regarding their off-the-clock claim. Id. at 18. "Specifically, Plaintiffs seek to prove their off-the-clock claims by comparing each Tax Professional's official time records in STAR with data from TPS. Plaintiffs' plan would require the analysis of literally hundreds of thousands of documents–with no conclusive result." Id. Defendants argue that such a comparison would not demonstrate plaintiffs' claims, because "TPS does *not* record log in and log out data as Plaintiffs contend, but records *only* the time when a tax return is open or closed." Id. at 19 (emphasis in original). Defendants argue that this limitation is fatal to plaintiffs' claims because "[a] Tax Professional might be working but not have any tax return open in TPS," or "[a] Tax Professional might also have a tax return open in TPS but not be working," or "Tax Professional may at times log into TPS using another Tax Professional's identification." Id. at 19. Therefore, defendants argue, the TPS records, are not an effective way of demonstrating actual time

---

records being altered in any offices other than the Pomona office. This representation is misleading because Cabrera testified that the District Manager, Ruben Perez, instructed her to fix time records, and he gave her his STAR password so she could alter time records *for the entire* Pomona district." Reply at 13. Further, plaintiffs argue, "Cabrera testified that her District Managers, from the beginning of her employment with H&R Block, told her that overtime in non-peak periods was not allowed. Second, Cabrera testified that when Cathy Bennett trained her, Bennett told her to delete overtime entered by Tax Professionals." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

worked by any individual.  Id.  "Further complicating matters, Ugas claims that Cabrera often deleted overtime hours worked one day in STAR and added the equivalent number of straight time hours to a different day.  There is no evidence that this occurred in any other office, but even if there were, Plaintiffs' theory as to the reconstruction of time purportedly moved to other days would require a detailed individualized analysis of daily time records.  And there may be no way to determine whether any particular movement of time was improper without individual testimony because Office Leaders are tasked with fixing time entry errors."  Id.

Defendants further argue that individual issues predominate as to plaintiffs' meal break claim as well.  Defendants urge the court to follow courts that "have ruled that section 512 only requires that an employer make breaks available to employees, not ensure that breaks are taken."  Id. at 20.  Under this theory, "[t]o prove a violation, Plaintiffs must do more than show that a break was missed or was taken late, but rather that Tax Professionals were prohibited or prevented from taking a proper break. . . . Thus, the key substantive issues raised by Plaintiffs' meal break claim include not just whether an individual received a meal break but, if not, the reason why.  This is not a common issue that can be resolved by common proof.  Plaintiffs' proposal that the fact-finder only need review the Time Entry Audit Reports to identify a meal break violation is unavailing. . . . At most, that would demonstrate only that an employee did not take a meal break–not why."  Id. at 21.  Further, defendants argue, "[t]here is no evidence that Plaintiffs were not permitted to take meal breaks–much less that H&R Block had a policy to that effect. . . . Plaintiffs admit, and Cabrera confirmed, that if they worked through lunch, it was voluntary."  Id. at 22.  Defendants submit declarations from other Tax Professionals, which they argue "confirm[]that meal breaks were provided and any determination as to why a break was not taken would be highly individualized."[4]  Id.

Finally, defendants argue, certification under Rule 23(b)(1) is inappropriate because there is no danger that "the defendant will be required to follow inconsistent courses of continuing conduct" if actions were pursued on an individual basis.  Id. at 24.  Certification under Rule 23(b)(2) is also inappropriate, defendants argue, because the primary relief sought is not equitable.  Id.  As former employees, defendants argue,

---

[4] Plaintiffs argue that defendants "failed to identify any of these declarants in their Rule 26 Disclosure and each of these declarations must be disregarded." Reply at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

plaintiffs lack standing to seek injunctive relief, and they primarily seek damages.  Id. at 25.

With respect to plaintiffs' meal break claim, at the July 18, 2011 hearing on this matter, defense counsel requested, were the Court inclined to certify the California subclass, that the Court instead defer ruling on this claim until the California Supreme Court issues its ruling in Brinker Restaurant v. Superior Court, 196 P.3d 216 (Cal. 2008).  On July 21, 2011, defendants filed an ex parte application requesting this stay.  On July 25, 2011, plaintiff filed an opposition, arguing that "[t]he facts presented here are so entirely different than the facts currently before the California Supreme Court, that any ruling from that Court would have virtually no effect on the present case."  Ex Parte Opp. at 2.

With respect to plaintiffs' meal break claim, the Court concludes that plaintiffs' claims are amenable to determination on a class-wide basis and therefore GRANTS plaintiffs' motion to certify the California subclass.  The Court DENIES defendants' ex parte application to stay its decision on the certification of this claim pending the decision of the California Supreme Court in Brinker.

In reaching this conclusion, the Court first finds that plaintiffs have satisfied the requirements of Rule 23(a).  With respect to numerosity, plaintiffs establish that even if the class were limited to the Pomona region, it would include 148 putative class members, and further establish that the class may include up to 20,000 members.  Under either calculation, plaintiffs plainly meet the numerosity requirement of Rule 23(a).

With respect to commonality, as a preliminary matter, the Court recognizes that it is legally uncertain whether employers need only "provide" meal breaks to their employees, or whether employers have an "affirmative obligation" to ensure that workers are actually relieved from duty.  See Jaimez, 181 Cal. App. 4th at 1303 (describing the uncertain legal landscape surrounding Cal. Labor Code § 226.7).  That issue is presently before the California Supreme Court in Brinker Restaurant v. Superior Court, 196 P.3d 216 (Cal. 2008).  At this stage, however, the Court need not adjudicate the legal or factual merits of plaintiff's claims, and must proceed as best it can.  Jaimez, 181 Cal. App. 4th at 1303 ("we cannot and need not try to predict the outcome of the Supreme Court's review, as we are not, at this stage, charged with adjudicating the legal or factual merits of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

[plaintiff's] causes of action"); <u>Dilts v. Penske Logistics, LLC</u>, 267 F.R.D. 625, 638 (S.D. Cal. 2010) ("The legal uncertainty about [employer's obligations with respect to meal periods under California law] has been a recent source of heartburn for courts. Although it is presently before the California Supreme Court in [<u>Brinker</u>], until that decision has issued this Court must proceed as best it can.").

In this case, the Court need not reach the question of whether defendants were required to ensure that employees took their meal breaks or whether defendants were required only to make them available. Plaintiffs have presented sufficient evidence that defendants, as a policy, do not pay the legally required meal break premium pursuant to Cal. Labor Code § 226.7. This question of law and fact will be common to the class members and is central to plaintiffs' meal break claim. <u>See</u> Exh. 2, Plaintiffs' Compendium of Cited Portions of Depositions (deposition testimony of Kaye Micek stating that an associate will be paid "for the time that he is working" when a meal break is missed); Ugas Decl. ¶ 18, Guerra Decl. ¶ 18 ("While I was paid for working through the meal breaks, I was not reimbursed by H&R Block at a rate of an hour's pay at my regular rate of pay").[5] Moreover, plaintiffs meets the typicality standard of Rule 23(a) because they, and all class members, were employed by defendants on an hourly basis during the class period, were subject to the same policies and procedures, and were allegedly improperly compensated. Therefore, the Court concludes that it is proper to certify the California subclass with respect to plaintiffs' meal break claim, and it is not necessary to stay that decision until the resolution of <u>Brinker</u>.

With respect to plaintiffs' overtime claims, the Court concludes that plaintiffs have presented insufficient evidence to certify the California-wide sub-class requested. In its tentative order, the Court indicated that it intended instead to certify a class limited to Region 33, as referenced in the Perez declaration. However, at oral argument, defense counsel represented for the first time that the districts that make up each region change regularly, that Region 33 never included the Pomona district, and, in fact, that Region 33, at the time to which the Perez declaration refers, did not include any regions in

---

[5] Plaintiffs have further argued that Tax Professionals were also required by company policy, at least on some occasions, to work through their meal break, for which they were allegedly improperly compensated. <u>See</u> Ex Parte Opp. at 5, citing Policy No. 510.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|----------|----------------------|------|----------------|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

California.  Rather, defense counsel represented, the Pomona district, at the relevant time, was in Region 40.  Plaintiff's counsel agreed, but argued that the Court could still certify a class made up of tax professionals who worked in the region in which the Pomona district was located on the basis of testimony by Cabrera that the regional manager and/or the assistant to the regional manager taught office leaders to adjust employee's time records to prevent them from being properly compensated for the overtime hours they worked.

The Court finds that there is insufficient evidence to certify a class comprising the region in which the Pomona district was located at the relevant time.  The deposition testimony of Cabrera indicates that she was given the instructions regarding the improper modification of time entries by the district manager, not the regional manager.  Cabrera Depo. at 81:17-83:2.  Therefore, there is no evidence of commonality beyond the Pomona district.  Therefore, the Court concludes that it is proper to certify a sub-class with respect to plaintiff's overtime claims that is limited to only those tax professionals who worked in the Pomona district in the relevant time period.

In reaching this conclusion, the Court first finds that plaintiffs have satisfied the requirements of Rule 23(a).  With respect to numerosity, plaintiffs establish that even if the class were limited to the Pomona region, it would include 148 putative class members, which is sufficient to meet this requirement.  Moreover, as to commonality, plaintiffs have offered sufficient evidence that they may be able to show that defendants pursue an unwritten policy to improperly withhold overtime wages from class members in this district.  Plaintiffs' evidence includes the comparison of computer programs tracking clock-in and clock-out times with time logged in to Tax Preparation Software, and testimony by Cabrera that she was instructed by the District Manager that she should alter time records to remove overtime and to add meal breaks.  Cabrera Depo. 82:21-83:2 ("[I]f there was over time, there was yellow.  And she says, 'Okay, you're going to take this off.'  And then, 'Look, this person, so-and-so doesn't have a lunch break.  You need to put at least 15 to 30 minutes in there.'  Okay.  So I'd go and fix it.  And that's how I was taught how to do it"); Cabrera Depo. 87:7-12 ("She was training me, and she was telling me what all this is, yellow and red, and says 'See how this is?  This has overtime here.  You have to take that overtime because there's no overtime allowed right now. . .'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

it was part of what she was showing me how to do").[6]  This evidence is sufficient to establish a common method of proof as to the liability of defendants, based on the existence of an unwritten company policy.  It is also sufficient to establish a common method of proof as to damages, as the Court finds the comparison of the STAR data with the TPS data seems to the Court to be a viable methodology to make a class-wide calculation.

The Court rejects defendants' argument that plaintiffs fail to meet the typicality and commonality requirements because the alleged activity was limited to a single supervisor.  Plaintiffs allege that the supervisor's actions were part of a widespread policy to improperly withhold compensation, and therefore that the putative class members all suffered the same injury.  Defendants argue that the supervisor's actions were not part of such a policy, as such a policy did not exist.  The Court finds that plaintiffs have sufficiently demonstrated a common method of proof as to the existence of the unwritten policy, and the damages flowing therefrom.

_____

[6] The Court also finds that it is proper to certify plaintiffs' fourth claim for violation of Cal. Bus. & Prof. Code § 17200, which is derivative of plaintiffs' first and third claims, and plaintiffs' second claim for failure to furnish itemized statements, which is based on defendants' overtime claim.  The Court rejects defendants' argument that no class should be certified in connection with plaintiffs' paystub claim because neither willfulness nor injury can be proved on a classwide basis.  The Court concludes that plaintiff's theory, for which they provide sufficient evidence for class certification purposes, that H&R Block had an unwritten policy to improperly avoid payment of overtime wages to employees, supports a classwide allegation of willfulness.  Moreover, with respect to actual injury, plaintiffs allege that overtime wages were actually withheld pursuant to this policy, and offer a viable classwide method of proof as to this injury.  See Yadira v. Fernandez, 2011 WL 243043 (N.D. Cal. June 14, 2011) ("the injury stemming from the § 226(a) violations is evidenced by a live and active dispute regarding overtime hours and pay that continues between the parties.  See Wang v. Chinese Daily News, Inc., 435 F. Supp. 2d 1042, 1050 (C.D. Cal. 2006) ('[T]his lawsuit, and the difficulty and expense Plaintiffs have encountered in attempting to reconstruct time and pay records, is further evidence of the injury suffered as a result of [defendant's non-compliant] wage statements.')").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

The Court also rejects defendants' argument that the recent Supreme Court decision in <u>Wal-Mart Stores, Inc. v. Dukes</u>, et al., No. 10-277, 564 U.S. ___ (June 20, 2011) precludes certification in the instant case.  Unlike in <u>Wal-Mart</u>, here plaintiffs have shown that there was "a common mode of exercising discretion that pervades the entire company," at least with respect to the Pomona district.  Defendants may be able to prove at trial, or on a motion for summary judgment, that their policies, written and unwritten, do not violate any labor laws.  However, plaintiffs' claims, as alleged, and as supported by sufficient, though controverted, evidence, support certification of the subclasses as defined by the Court.

The Court further concludes that the action meets the requirements of Rule 23(b)(3).  Common questions of law and fact predominate over any questions affecting only individual members.  Moreover, the Court finds that a class action is superior to pursuit of these claims in individual actions.  The class members interests, and the interests of judicial economy, are better served in a class action than in a multiplicity of individual actions, and this forum is appropriate.  Moreover, as discussed above, plaintiffs have offered workable class-wide methods of proof regarding their off-the-clock claims.  Defendants' arguments as to the limitations of these methods may be relevant to their defenses, but do not persuade the Court that the difficulty of managing the case as a class action militates against certification.  Again, the Court finds that defendants' arguments more properly concern a determination of the case on its merits.  While the Court has undertaken the rigorous analysis required by <u>Wal-Mart</u>, which allows it to look at some issues that overlap with the merits of the claims, the Court finds that the issues raised by defendants go beyond the issues contemplated by that decision to be considered at the class certification stage.

The Court further concludes that plaintiffs are adequate representatives, and that class counsel are qualified to vigorously represent the class.  Defendants do not appear to dispute either conclusion.  Therefore, the Court also GRANTS plaintiffs' motion for appointment of class representative and appointment of class counsel.

**B.     Plaintiffs' motion for conditional certification of an FLSA class**

Plaintiff Guerra argues that she meets the lenient standard to demonstrate that she is "similarly situated" to the putative subclass members for conditional certification

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

purposes. "Defendants have engaged in and implemented a uniform plan or scheme to extract free labor from their hourly paid Tax Professional employees by artificially limiting the number of labor hours allocated to field office operations while simultaneously threatening those same employees with disciplinary action should they seek compensation for the additional hours they must work to properly complete the duties to the H&R Block clients, [and] award[ing] bonuses to the office managers who incurred the least amount of overtime in their field office." Mot. at 23-24. "While Defendants will undoubtedly argue that these employees are not similarly situated because of some difference in their duties, work hours, or physical location, the fact remains that Defendants' uniform scheme designed to extract free labor from their hourly paid employees affects all such employees in exactly the same manner." Id. at 25.

In opposition, defendants argue that the Court should not apply the lenient, first-stage standard suggested by plaintiffs. "When–as here–a motion for certification of a collective action is made after the parties have conducted significant discovery, courts apply the stricter, second-stage scrutiny." Opp. at 4. Defendants further argue that this motion fails for the same reasons that plaintiffs' motion for class certification fails.[7] "When–as in this case–each putative class member's off-the-clock claim stands on individualized facts and requires a series of discrete inquiries about what happened at distinct locations under separate managers, conditional certification is improper and should be denied under either stage of certification. Courts facing similar theories have almost uniformly denied conditional certification." Id. at 5. Additionally, defendants argue, a collective action is not appropriate because different defenses may be applicable to different class members. For example, defendants argue, "[t]o the extent that any putative class member deliberately falsified his or her time, H&R Block would not be liable for any alleged off-the-clock work. This analysis can be done only on an individual basis. Similarly, other putative class members may be subject to the good-faith defense–and will not be able to recover liquidated damages. . . . The Company also

---

[7] Defendants also argue that the motion should be denied because Guerra is not a proper class representative as the class she seeks to conditionally certify includes "Tax Professionals located in 18 other states–*not including California*." Opp. at 2 (emphasis in original). In reply, plaintiffs assert that California was inadvertently omitted in the states listed in their motion, but the conditional subclass as defined clearly includes California, and "[t]here was never an intent to exclude 'California' residents." Reply at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

may be able to establish that some or all of a putative class member's alleged unpaid overtime does not constitute 'work' or is otherwise not compensable." Id. at 11. Further, defendants argue, this motion should be denied because "Guerra fails to establish that other Tax Professionals desire to join the lawsuit. . . . FLSA claims may not proceed as a collective action unless the plaintiff first shows that there are other employees who want to participate." Id. at 19.

The Court concludes that conditional certification is appropriate in this case, and therefore GRANTS plaintiff's motion, but limits the putative class definition to those current and former employees of H&R Block in the Pomona district only. The Court first finds that the standard suggested by defendants is the more appropriate one to apply at this stage. Significant discovery has been completed in this case. To the extent plaintiffs complain that the discovery was limited by the magistrate judge, those challenges should have been brought to the attention of the magistrate and to this Court in a timely manner. However, as discussed above with respect to plaintiff's overtime claim, it appears that plaintiff Guerra has adequately demonstrated that she is similarly situated to the putative members of the collective action. The Court declines to adopt the approach suggested by defendants requiring plaintiffs to show before conditional certification that other employees wish to opt-in.

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS plaintiffs' motion to certify the following subclasses:

(1) All current and former employees of the H&R BLOCK DEFENDANTS who were employed in California as hourly paid "Tax Professionals" during the Class Period, and who did not receive meal periods and were not paid meal break premiums.

(2) All current and former employees of the H&R BLOCK DEFENDANTS in who were employed in California in the Pomona District as hourly paid Tax Professionals, and who worked more than 8 hours in any given day and/or more than 40 hours in any given week, and who were not paid overtime compensation and/or for work performed off-the-clock.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6510-CAS (SHx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | DELANA L. UGAS, ETC. v. H&R BLOCK ENTERPRISES, LLC ET AL. | | |

The first subclass is hereby certified with respect to plaintiffs' third and fourth claims.  The second subclass is certified with respect to plaintiffs' first, second, and fourth claims.

The Court also GRANTS plaintiffs' motion to appoint Ugas as class representative and Arias, Ozzello & Gignac, LLP as class counsel.

The Court also GRANTS plaintiffs' motion for conditional certification of the following subclass, and appointment of Guerra as representative plaintiff with respect to plaintiffs' FLSA claim:

All current and former employees of the H&R BLOCK DEFENDANTS who were employed by H&R Block Enterprises, LLC in the Pomona district as hourly paid Tax Professionals and who were not paid for all hours worked and were not paid overtime compensation for all hours worked in excess of 40 hours in a workweek.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | IM | | |