Mike Arias, Esq. (CSB #115385)
Mark A. Ozzello, Esq. (CSB #116595)
Arnold C. Wang, Esq. (CSB #204431)
**ARIAS OZZELLO & GIGNAC LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045-1558
Tel: (310) 670-1600
Fax: (310) 670-1231

Attorneys for Plaintiffs
and the Putative Class

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DELANA L. UGAS, an individual, on her own behalf and on behalf of all others similarly situated; BARBARA GUERRA, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>      vs.<br><br>H&R BLOCK ENTERPRISES LLC., a Missouri Corporation; HRB TAX GROUP, INC., a Missouri Corporation; H&R BLOCK TAX SERVICES, INC., a Missouri Corporation; and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case No.: CV09-6510 CAS (SHx)<br><br>Honorable Christina A. Snyder<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF THE PLAINTIFF CLASS FOR AN ORDER:**<br><br>1. GRANTING PRELIMINARY APPROVAL TO THE PROPOSED CLASS-ACTION SETTLEMENT;<br>2. APPROVING THE FORM AND MANNER OF NOTICE;<br>3. APPOINTING THE SETTLEMENT ADMINISTRATOR;<br>4. ESTABLISHING A SCHEDULE FOR THE PROVISION OF NOTICE OF THE SETTLEMENT TO THE MEMBERS OF THE CLASS; AND<br>5. SETTING THE FINAL APPROVAL HEARING |

NOTICE OF MOTION AND MOTION OF THE PLAINTIFF CLASS FOR ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

**ARIAS OZZELLO & GIGNAC LLP**

**MEMORANDUM OF POINTS AND AUTHORITIES**

[Filed concurrently with:
a.  Declaration of Arnold C. Wang;
b.  [Proposed] Order]

Date:    August 12, 2013
Time:    10:00 a.m.
Ctrm.:   5

Removal Filed: September 8, 2009
Trial date:  March 4, 2014

TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 12, 2013, at 10:00 a.m. in Courtroom 5 of the United States District Court, Central District of California, located at located at 312 North Spring Street, Los Angeles, California, 90012, Plaintiff Delana L. Ugas (hereinafter "Class Plaintiff"), by and through her attorneys of record, will and hereby do, make the instant Motion for:

1.    Granting Preliminary Approval to the Proposed Class-Action Settlement in this action (the "Settlement");

2.    Approving the Form and Manner of Notice;

3.    Appointing the Settlement Administrator;

4.    Establishing a Schedule for the Provision of Notice of the Settlement to the Members of the Class; and,

5.    Setting the Final Approval Hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place over several months starting on March 4, 2013.

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of counsel along with all Exhibits thereto, any and

**NOTICE OF MOTION AND MOTION OF THE PLAINTIFF CLASS FOR ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

all papers previously filed and any and all oral argument and/or evidence as may be offered at the time of the hearing in this matter.

Dated:  August 2, 2013          ARIAS OZZELLO & GIGNAC LLP

                                By: */s/ Arnold C. Wang*
                                      MARK A. OZZELLO
                                      ARNOLD C. WANG
                                      Attorneys for Plaintiffs
                                      and the Putative Class

**NOTICE OF MOTION AND MOTION OF THE PLAINTIFF CLASS FOR ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 1

I. INTRODUCTION ........................................................................................... 1

II. FACTUAL AND PROCEDURAL HISTORY OF THE LITIGATION ....... 2

    A.   Factual Background ........................................................................ 2

    B.   Procedural History ......................................................................... 3

III. GENERAL TERMS AND CONDITIONS OF THE SETTLEMENT ......... 4

    A.   The Settlement Class ..................................................................... 4

    B.   The Terms of Settlement ............................................................... 4

    C.   Method of Determining Allocation of Payments to the Settlement
         Class Members ............................................................................... 5

    D.   Attorneys' Fees and Litigation Costs ........................................... 7

    E.   Enhancement Award ...................................................................... 7

    F.   Settlement Administration ............................................................. 7

IV.   STEPS TO BE UNDERTAKEN FOLLOWING
       PRELIMINARY APPROVAL ..................................................................... 8

    A.   Notice of the Class Action Settlement ......................................... 8

    B.   Motion for Final Settlement Approval and Application for Award of
         Attorneys' Fees, Reimbursement of Litigation Expenses, and
         Enhancement Award ...................................................................... 9

V.   THE CLASS ACTION SETTLEMENT APPROVAL PROCEDURE ..... 10

    A.   The Settlement Class Satisfies the Requirements of Rule 23 And
         Should Be Certified for Settlement Purposes. ............................. 11

    B.   The Proposed Settlement Is Fair, Reasonable, and Adequate .......... 11

    C.   The Court Should Order the Dissemination of Notice to the
         Settlement Class ........................................................................... 14

    D.   The Court Should Set a Schedule for Final Approval ................... 15

VI.  CONCLUSION ......................................................................................... 16

_Page i_

ARIAS OZZELLO & GIGNAC LLP

## **TABLE OF AUTHORITIES**

**CASES**

*Amchem Prods. Inc. v. Windsor*
  521 U.S. 591 (1997) ....................................................................... 11

*Armstrong v. Board of School Directors of the City of Milwaukee*
  616 F.2d 305 (7th Cir. 1980) ......................................................... 12

*Churchill Village, LLC v. General Electric Co.*
  361 F.3d 566 (9th Cir. 2004) ......................................................... 10

*Class Plaintiffs v. City of Seattle*
  955 F.2d 1268 (9th Cir. 1992) ....................................................... 11

*Detroit v. Grinnell Corp.*
  495 F.2d 448 (2d Cir. 1974) .......................................................... 12

*In re NASDAQ Market Makers Antitrust Litigation*
  176 F.R.D. 99 (S.D.N.Y. 1997) ..................................................... 10

*In re NASDAQ Market Makers*
  176 F.R.D. 102 .............................................................................. 11

*In re Pacific Enterprises Securities Litigation*
  47 F.3d 373 (9th Cir. 1995) ........................................................... 10

*In re Prudential Sec. Inc. Ltd. Partnership Litigation*
  163 F.R.D. 200 (S.D.N.Y. 1995) ................................................... 12

*In re Shell Oil Refinery*
  155 F.R.D. 552 (E.D.La 1993) ....................................................... 14

*Maywalt v. Parker & Parsley Petroleum Co.*
  67 F.3d 1072 (2d Cir. 1995) .......................................................... 13

*Molski v. Gleich*
  318 F.3d 937 (9th Cir. 2003) ......................................................... 10

**ARIAS OZZELLO & GIGNAC LLP**

ARIAS OZZELLO & GIGNAC LLP

*Officers for Justice v. Civil Service Com'n of City and*
*County of San Francisco*
   688 F.2d 615 (9th Cir. 1982) ................................................................ 10

*Philadelphia Housing Auth. v. American Radiator &*
*Standard Sanitary Corp.*
   323 F. Supp. 364 (E.D. Pa. 1970) ........................................................ 12

*Reed v. General Motors Corp.*
   703 F.2d 170 (5th Cir. 1983) ................................................................ 13

*Saylor v. Lindsley*
   456 F.2d 896 (2d Cir. 1972) ................................................................. 13

*Torisi v. Tucson Elec. Power Co.*
   8 F.3d 1370 (9th Cir. 1993) .................................................................. 10

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*
   396 F.3d 96 (2d Cir. 2005) ................................................................... 12

**FEDERAL STATUTES**

29 U.S.C. § 201 ..................................................................................... 3
29 U.S.C. § 206 ..................................................................................... 3
29 U.S.C. § 207 ..................................................................................... 2

**STATE STATUTES**

LAB. CODE § 203 .................................................................................. 3
LAB. CODE § 226 .................................................................................. 2
LAB. CODE § 226.7 ............................................................................... 2
LAB. CODE § 510 .................................................................................. 2
LAB. CODE § 512 .................................................................................. 2
LAB. CODE § 1194 ................................................................................ 3
LAB. CODE § 1197 ................................................................................ 3

**NOTICE OF MOTION AND MOTION OF THE PLAINTIFF CLASS FOR ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

LAB. CODE § 1198 ........................................................... 2

BUS. & PROF. CODE § 17200 ............................................ 2

**FEDERAL RULES**

Rule 23(e)(1)(B) ............................................................ 14

Rule 23(e)(1)(C) ............................................................ 10

**OTHER AUTHORITIES**

*Manual for Complex Litigation* § 21.632 (4th ed. 2004) ...........................10, 11

*Moore's Federal Practice* ¶ 23.80 [2.-1], at 23-479 (2d ed. 1993) ................ 12

*Newberg on Class Actions* § 11:41 at 87 (4th ed. 2002) ................................ 12

**ARIAS OZZELLO & GIGNAC LLP**

**NOTICE OF MOTION AND MOTION OF THE PLAINTIFF CLASS FOR ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Pursuant to Rule 23 of the FEDERAL RULES OF CIVIL PROCEDURE, Class Plaintiff seeks and Order of this Court:

(1)    Granting Preliminary Approval to the Proposed Class-Action Settlement in this action (the "Settlement");

(2)    Approving the Form and Manner of Notice;

(3)    Appointing the Settlement Administrator;

(4)    Establishing a Schedule for the Provision of Notice of the Settlement to the Members of the Class; and,

(5)    Setting the Final Approval Hearing.

This case has previously been certified as a class action.  Subsequent to class certification, the parties engaged in arm's length bargaining and participated in formal mediation before the Honorable Peter D. Lichtman (Ret.).  The parties have conducted discovery and investigation into the claims and potential damages in this case.  Class counsel, who is experienced in class action, believes that the proposed settlement is fair, reasonable, and adequate based on the risks of establishing liability and damages at trial for the claims as set forth in the complaint.

This Court should grant this Motion because the proposed Settlement is fair, reasonable, and adequate under the circumstances. The benefit obtained under the Settlement is substantial, especially when compared to the maximum values of the Class claims when weighed against the risks in prevailing at trial. For these reasons, and those set forth below, this Court should grant "Preliminary Approval" and order that Notice be issued as requested.

///

///

ARIAS OZZELLO & GIGNAC LLP

**NOTICE OF MOTION AND MOTION OF THE PLAINTIFF CLASS FOR ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

ARIAS OZZELLO & GIGNAC LLP

## II.

## FACTUAL AND PROCEDURAL HISTORY OF THE LITIGATION

### A.    Factual Background

Defendants provide tax preparation services to the general public.  They represent themselves as the largest tax preparation service in the United States. [SAC ¶22.]

Plaintiffs and the members of the Class were employed by Defendants as Tax Professionals, who were all paid an hourly rate and were all subject to the same policies and procedures of Defendants.  Plaintiffs and the members of the Class all performed the exact same work – they prepared tax returns on behalf of the general public.  [SAC ¶23.]

Plaintiffs allege that H&R Block Tax Professionals would be required, on occasion, to work in excess of eight (8) hours in a day.  This is particularly true during the "tax season," i.e., January 1 through April 15th.  Plaintiffs allege that Defendants failed to compensate the Tax Professionals for time worked in excess of eight (8) hours in a work day and/or forty (40) hours in any given week.  [SAC ¶24.]  In addition, Plaintiffs' complaint also alleges that Defendants failed to provide the mandated meal period for every five-hour increment of time worked, and failed to pay the premiums at a rate of an hour's pay at the employee's regular rate of pay for missed meal periods. [SAC ¶25.]

Accordingly, the following causes of action are alleged in the Second Amended Complaint:  (1) Violation of LAB. CODE §§ 510, 1194, and 1198 (failure to pay overtime); (2) Violation of LAB. CODE § 226 (failure to provide itemize statements); (3) Failure to Provide Meal and Rest Breaks in Violation of LAB. CODE §§ 226.7 and 512; (4) Unfair Business Practices in Violation of BUS. & PROF. CODE § 17200; (5) Failure to Pay Overtime Compensation in Violation of 29 U.S.C. § 207; (6) Failure to Pay Wages in Violation of 29

1    U.S.C. § 206; (7) Violation of LAB. CODE § 1197 (failure to pay minimum
2    wage); and, (8) Violation of LAB. CODE §§ 201-203 (failure to pay wages).

3    **B.**    **Procedural History**

4          This action was filed on July 13, 2009 in the Superior Court of
5    California for the County of Los Angeles.  It was removed to United States
6    District Court, Central District of California on September 8, 2009.
7    Subsequent to contentious litigation and extensive discovery, Plaintiffs filed a
8    Motion for Class Certification.

9          On August 4, 2011, this Court certified two subclasses:[1]

10         (1)    All current and former employees of the H&R BLOCK
11   DEFENDANTS who were employed in California as hourly paid "Tax
12   Professionals" during the Class Period, and who did not receive meal periods
13   and were not paid meal break premiums (the "Meal Period Subclass").

14         (2)    All current and former employees of the H&R BLOCK
15   DEFENDANTS who were employed in California in the Pomona District as
16   hourly paid Tax Professionals, and who worked more than 8 hours in any
17   given day and/or more than 40 hours in any given week, and who were not
18   paid overtime compensation and/or for work performed off-the-clock (the
19   "Pomona District Subclass").

20         Pursuant to the Order of this Court, Class Notice was distributed in or
21   around November, 2011.  This Court subsequently decertified the Meal Period
22   Subclass.  Notice of Decertification of the Meal Period Subclass was
23   distributed in or around March, 2013.  As such, only the individual meal
24   period claim of Delana L. Ugas and the claims of the Pomona District Subclass
25   remain in this action.

26   _____

27   [1] This Court also granted conditional certification of a subclass with respect to
     Plaintiffs' FLSA claim.  Since the FLSA subclass was essentially the same as
28   the Pomona District Subclass, Plaintiffs decided to pursue the Class claims
     through the Pomona District Subclass.

ARIAS OZZELLO & GIGNAC LLP

The Honorable Peter D. Lichtman (Ret.) conducted formal mediation in this matter.  Mediation sessions took place on March 4, 2013; July 8, 2013; and, July 15, 2013.  As a result of the arm's length negotiations between the parties and the efforts of Judge Lichtman, a fair, reasonable, and adequate settlement was reached. [Wang Decl. ¶¶14-15.][2]

### III.

### GENERAL TERMS AND CONDITIONS OF THE SETTLEMENT

**A.    The Settlement Class**

The parties have agreed that the Settlement Class is defined as follows:

> All hourly Tax Professionals of H&R Block who worked in the Pomona District in California from July 2005 through August 2011, excluding the Apodaca Plaintiffs.[3]

The relevant class period, as defined for settlement purposes, means July 1, 2005 through the preliminary approval of the Settlement Agreement.  The Settlement Class represents the Pomona District Subclass previously certified by this Court.

**B.    The Terms of Settlement**

Subject to Court approval, and in consideration of the release and settlement described in the Settlement Agreement, Defendants shall pay the Settlement Amount to the Settlement Class Members, Plaintiff, and Plaintiffs' Attorneys.

---

[2] The Class Action Settlement Agreement is attached to the Declaration of Arnold C. Wang as Exhibit "A." As of the filing of this Motion, the parties are still in the process of executing the Agreement. As such, a copy of the fully executed Agreement will be submitted to the Court prior to the Hearing for Preliminary Approval.

[3] The "Apodaca Plaintiffs" are Teresa Apodaca, Nicolasa Belmont, Damon Cabrera, Vanessa Christopher, Christy Gonzalez, Jeanette Gonzalez, Melinda Gonzalez, Barbara Guerra, Anthony Iosua-Cabrera, Maite Mendez, Laurie Miranda, Joseph Ornelas, Harold M. Richeson, Alyssa Ruiz, and Jolene Sanchez.  They are excluded from the Settlement Class because these 15 individuals commenced separate individual lawsuit against Defendants for wage and hour violations.

ARIAS OZZELLO & GIGNAC LLP

ARIAS OZZELLO & GIGNAC LLP

The Settlement Amount as provided in the Settlement Agreement is Two Hundred Twenty One Thousand Four Hundred Dollars ($221,400), which is the maximum amount H&R Block shall be required to pay under this Agreement, exclusive of any required employer-paid withholding or payroll taxes attributable to any portion of the Settlement Payments allocated to wages.  The $221,400 Settlement Amount is intended to cover any and all other payments made in connection with the Settlement, and shall be divided into two funds:  (1) the Attorneys' Fees and Costs Fund, in the amount of $181,400 from which Plaintiffs' Attorneys' Fees, Costs and Settlement Administration Expenses shall be paid (in the event that the Court awards less than $181,400 in combined Plaintiffs' Attorneys' Fees, Costs and Administration Expenses, any remaining portion of the Attorneys' Fees and Costs Fund shall remain with H&R Block); and (2) the Class Fund, in the amount of $40,000 from which shall be paid all payments to the Settlement Class Members and any Class Representative Enhancement as ordered by the Court and as described in the Settlement Agreement.

C.    **Method of Determining Allocation of Payments to the Settlement Class Members**

The parties recognize and agree that the claims made in this action are difficult to determine with any certainty, and are subject to differing calculations and formulas.  Thus, the parties agree that the formula for allocating the Settlement Payments to Settlement Class Members provided in the Settlement Agreement is reasonable and that the payments provided therein are designed to provide a fair settlement to the Settlement Class Members.  The parties have agreed that the distribution to each Settlement Class Member shall be determined as follows:

1.  Each Settlement Class Member shall be assigned a pro-rata share of the Settlement Proceeds.  Each Settlement Class Member will

NOTICE OF MOTION AND MOTION OF THE PLAINTIFF CLASS FOR ORDER GRANTING
PRELIMINARY APPROVAL OF SETTLEMENT

ARIAS OZZELLO & GIGNAC LLP

be entitled to a minimum of $125.  Settlement Class Members will be entitled to an additional pro rata share of the Class Fund determined by the number of instances in which there was an edit to a time record that resulted in a potential deletion of time that changed an overtime-eligible shift to a non-overtime eligible shift during the Class Period, regardless of whether such edit was made for entirely lawful purposes.  The additional pro rata share assigned to each Settlement Class Member will be calculated as follows:  the amount remaining from the Settlement Proceeds after each Settlement Class Member's minimum distribution of $125 will be divided by the total number of instances in which a potential deletion of time reduced an overtime-eligible shift to a non-overtime eligible shift during the Class Period in order to determine the payment amount per instance; then the number of these instances during the Class Period will be multiplied by the payment amount per instance for any Settlement Class Member when that Settlement Class Member worked in the Pomona District during Class Period.

2. The number of instances in which edits to time records that resulted in potential deletions of time which changed an overtime-eligible shift to a non-overtime eligible shift during the Class Period shall be determined by Plaintiffs' counsel based upon a review of records for the Pomona District during the Class Period. Plaintiffs' counsel shall provide their calculations to H&R Block for review.  If the Parties do not agree on the number of such instances during the Class Period per Settlement Class Member, the Parties will first attempt to meet and confer on the issue and reach agreement.  If the Parties fail to reach such an agreement,

NOTICE OF MOTION AND MOTION OF THE PLAINTIFF CLASS FOR ORDER GRANTING
PRELIMINARY APPROVAL OF SETTLEMENT

ARIAS OZZELLO & GIGNAC LLP

then the Parties agree that the Settlement Administrator will make the final decision.

**D.    Attorneys' Fees and Litigation Costs**

Defendants do not object to Class Counsel's application for attorneys' fees and costs and settlement administration expenses incurred in the action in an amount not to exceed $181,400.00.  Except as provided in the Settlement Agreement, Plaintiffs, Class Members, and Defendants shall bear their own attorneys' fees and costs.

Plaintiffs' attorneys shall submit a separate application to the Court for approval of Plaintiffs' Attorney Fees, Costs and Administration Expenses. Plaintiffs' Attorney Fees, Costs and Administration Expenses shall be paid solely from the Attorneys' Fees and Costs Fund, and shall in no event exceed $181,400.00.  Defendants will not object to Plaintiffs seeking Attorneys' Fees in an amount no greater than $149,400.00 and to Plaintiffs seeking Costs and Administration Expenses in an amount no greater than $32,000.00.  Plaintiffs agree not to seek Attorneys' Fees and Costs, and Administration Expenses, in amounts greater than $149,400 and $32,000, respectively.

**E.    Enhancement Award**

Defendants do not object to the application for an enhancement award of up to $500.00 to Delana Ugas, the named Plaintiff for the Pomona District Subclass.  The amount awarded as an Enhancement Award will be paid by Defendants.

**F.    Settlement Administration**

Subject to Court approval, the Settling Parties agree that Desmond, Marcello & Amster will be appointed as Settlement Administrator.  The Settlement Administrator will be responsible for mailing the class notices; researching and updating addresses through skip-traces and similar means; answering questions from the Settlement Class members; reporting on the

**ARIAS OZZELLO & GIGNAC LLP**

status of the Settlement to the Settling Parties; preparing a declaration regarding its due diligence in the claims administration process; distributing settlement checks; calculating tax obligations, including the employer's share of any payroll taxes; and doing such other things as the Settling Parties may direct. Desmond, Marcello & Amster had previously administered the Class Notice in this action. Costs of settlement administration will be paid from the Attorneys' Fees and Costs Fund.  Class Counsel will monitor the administration of the settlement.

**IV.**

**STEPS TO BE UNDERTAKEN FOLLOWING**

**PRELIMINARY APPROVAL**

**A.**   **Notice of the Class Action Settlement**

Within 30 calendar days following the entry of the Order Granting Preliminary Approval of the Settlement, the Notice, substantially in the form attached as Exhibit A to the Settlement Agreement, shall be mailed to each Settlement Class Member via U.S. Mail to their last known address according to Defendants' records.

If a Notice is returned as undeliverable because of an incorrect address, the Settlement Administrator shall conduct a search of the National Change of Address database to attempt to identify a more current address for the Settlement Class Member and re-mail the Notice if a more current address is identified.  If a Notice is returned with a forwarding address, the Settlement Administrator shall promptly forward the Notice to the forwarding address. The Objection Deadline Date, defined in Section III, Paragraph 11(c)(ii) of Settlement Agreement, shall not be extended for Settlement Class Members whose Notices are re-mailed pursuant to this paragraph.

The Notice shall provide that Settlement Class Members who wish to object to the Settlement must file with the Court and serve on counsel for the

**ARIAS OZZELLO & GIGNAC LLP**

1  Parties either a written statement objecting to the Settlement or a written notice
2  of intention to appear at the Final Settlement Hearing and object.  Such written
3  statement or notice must be filed with the Court and served on counsel for the
4  Parties no later than 30 calendar days following the date of mailing of the
5  Notice, which shall be the Objection Deadline Date.   Settlement Class
6  Members who fail to file and serve timely a written objection or notice of
7  intention to appear and object in the manner specified above shall be deemed
8  to have waived any objection and shall be foreclosed from making any
9  objection to the Settlement.

10  **B.** **Motion for Final Settlement Approval and Application for Award of**
11  **Attorneys' Fees, Reimbursement of Litigation Expenses, and**
12  **Enhancement Award**

13  Under the Settlement Agreement, Class Plaintiff will file Final Approval
14  papers on a schedule to be determined by this Court.  Class Plaintiff will also
15  file a separate application for award of attorneys' fees, reimbursement of
16  litigation expenses, and Enhancement Award.

17  A Final Settlement Hearing to determine final approval of the Settlement
18  shall be conducted subject to the calendar of the Court.  Upon final approval of
19  the Settlement by the Court, the Parties shall present the proposed Order
20  Approving Class Settlement and Dismissing Class Action with Prejudice and
21  the Judgment, substantially in the forms attached as Exhibits B and C to the
22  Settlement Agreement, to the Court for its approval and entry.  After entry of
23  the Judgment, the Court shall have continuing jurisdiction over the Litigation
24  for purposes of (i) enforcing this Settlement Agreement, (ii) addressing
25  settlement administration matters, and (iii) addressing such post-Judgment
26  matters as may be appropriate under Court rules or applicable law.

27
28

1

**V.**

2

**THE CLASS ACTION SETTLEMENT APPROVAL PROCEDURE**

3          Federal Rule of Civil Procedure 23(e)(1)(A) requires court approval of

4    any settlement of claims brought on a class basis.  Approval of a class action

5    settlement occurs in two steps.  First, the court conditionally certifies the class

6    and grants preliminary approval of the settlement.  Second, after notice of the

7    settlement is provided to the class, the court conducts a fairness hearing.  *See*,

8    *Manual for Complex Litigation* § 21.632 (4th ed. 2004); and *In re NASDAQ*

9    *Market Makers Antitrust Litigation*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997).  A

10   court may approve a class settlement upon a finding that the settlement is "fair,

11   reasonable, and adequate."  Fed. R. Civ. P. 23(e)(1)(C).  The decision to grant

12   preliminary approval is committed to the court's sound discretion.  *Officers for*

13   *Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d

14   615, 625 (9th Cir. 1982).

15          In determining whether a settlement is fair, reasonable, and adequate, a

16   court must consider the following factors: (1) the risk, expense, complexity,

17   and likely duration of further litigation (2) the amount offered in settlement;

18   (3) the solvency of the defendant; (4) the extent of discovery completed, and

19   the stage of the proceedings; (5) the views and experience of counsel; (6) the

20   presence of a governmental participant; and (7) any opposition to the

21   settlement by class members.  *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir.

22   2003).  This list of factors is not exclusive, and a court may balance and weigh

23   these factors depending on the circumstances of the case.  *Torisi v. Tucson*

24   *Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

25          The settlement of class actions prior to trial is strongly favored.  *See*

26   *Churchill Village, LLC v. General Electric Co.*, 361 F.3d 566, 576 (9th Cir.

27   2004); *In re Pacific Enterprises Securities Litigation*, 47 F.3d 373, 378 (9th

28   Cir. 1995); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir.

*ARIAS OZZELLO & GIGNAC LLP*

1  1992).  Preliminary approval should be granted where "the proposed settlement

2  appears to be the product of serious, informed, non-collusive negotiations, has

3  no obvious deficiencies, does not improperly grant preferential treatment to

4  class representatives or segments of the class and falls within the range of

5  possible approval."  *In re NASDAQ Market Makers*, 176 F.R.D. at 102.  "If the

6  court preliminarily approves the settlement, it must direct the preparation of

7  notice of the certification of the settlement class, the proposed settlement and

8  the date of the final fairness hearing."  *In re Initial Public Offering Securities*

9  *Litigation*, 226 F.R.D. 186, 192 (S.D.N.Y. 2005).

10  **A.  The Settlement Class Satisfies the Requirements of Rule 23 And**

11  **Should Be Certified for Settlement Purposes.**

12  Before granting preliminary approval of a settlement, the Court must

13  determine that the proposed settlement class is a proper class for settlement

14  purposes.  *See*, *Manual for Complex Litigation* § 21.632 (4th ed. 2004);

15  *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  In this case, the

16  Court has already determined that this case complies with Rule 23, and

17  certified this as a class action.

18  **B.  The Proposed Settlement Is Fair, Reasonable, and Adequate.**

19  When approving a class settlement, the Court must "make a preliminary

20  determination on the fairness, reasonableness, and adequacy of the settlement

21  terms."  *Manual for Complex Litigation* § 21.633 (4th ed. 2004).  The primary

22  question raised by a request for preliminary approval is whether the proposed

23  settlement is "within the range of reasonableness."  *Id.* § 40.42.

24  "In considering preliminary approval, courts make a preliminary

25  evaluation of the fairness of the settlement, prior to notice."  *In re NASDAQ*,

26  176 F.R.D. at 102.  The purpose of the preliminary approval inquiry is "to

27  determine whether the proposed settlement is within the range of possible

28  approval."  *Armstrong v. Board of School Directors of the City of Milwaukee*,

ARIAS OZZELLO & GIGNAC LLP

616 F.2d 305, 314 (7th Cir. 1980) [internal quotation omitted].  "Such a determination, though, need not focus solely on the monetary benefits of a proposed settlement.  It should additionally weigh the value of any nonmonetary or intangible benefits associated with the agreement." *In re Initial Public Offering*, 226 F.R.D. at 197.

Preliminary approval does not require the district court to answer the ultimate question of whether a proposed settlement is fair, reasonable, and adequate.  That is a decision that can only be made at the final approval stage – after notice of the settlement has been given to the class members and they have had an opportunity to voice their views of the settlement or to exclude themselves from the settlement. *See*, 3 B J. Moore, *Moore's Federal Practice* ¶ 23.80 [2.-1], at 23-479 (2d ed. 1993); *In re Prudential Sec. Inc. Ltd. Partnership Litigation*, 163 F.R.D. 200, 210 (S.D.N.Y. 1995) (noting that the court can fully evaluate the fairness of the settlement "at the fairness hearing, where it can consider the submissions by proponents and potential opponents of the settlement and the reaction of the Class Members").  Instead, the focus at the preliminary approval stage is simply to determine whether notice of "the proposed settlement . . . may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Housing Auth. v. American Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

"It is well established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions." *In re Prudential*, 163 F.R.D. at 209; *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) (quoting 4 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 11:41 at 87 (4th ed. 2002)).  In considering a potential settlement, the trial court need not reach any ultimate conclusions on the substantive factual or legal issues of plaintiffs' claims. *Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974).  "We recognize

**ARIAS OZZELLO & GIGNAC LLP**

ARIAS OZZELLO & GIGNAC LLP

1  that since 'the very purpose of a compromise is to avoid the trial of sharply

2  disputed issues and to dispense with wasteful litigation', the court must not

3  turn the settlement hearing 'into a trial or a rehearsal of the trial'; and that the

4  court 'is concerned with the likelihood of success or failure and ought,

5  therefore, to avoid any actual determination of the merits.'"  *Saylor v.*

6  *Lindsley*, 456 F.2d 896, 904 (2d Cir. 1972).  "In determining whether a

7  proposed settlement is fair, reasonable, and adequate, the primary concern is

8  with the substantive terms of the settlement:  Basic to this . . . is the need to

9  compare the terms of the compromise with the likely rewards of litigation."

10  *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir.

11  1995) (internal quotations omitted).

12      The proposed settlement in this case was reached in arms' length

13  negotiations between highly experienced counsel under the supervision of the

14  Honorable Peter D. Lichtman. [Wang Decl., ¶14.]  The settlement, therefore, is

15  presumed to be fair and reasonable.  4 Alba Conte & Herbert B. Newberg,

16  *Newberg on Class Actions* § 11.41 at 90 (4th ed. 2002) (presumption that a

17  proposed settlement is fair and reasonable when it is the result of arms' length

18  negotiations).  The arm's length negotiations were based in part on certain time

19  keeping documents for each member of the Settlement Class.  These records

20  were reviewed by Class Counsel, and the estimation of damages was

21  performed based on these records.  [Wang Decl., ¶13.]

22      Moreover, the opinion of experienced counsel supporting the settlement

23  is entitled to considerable weight.  *Reed v. General Motors Corp.*, 703 F.2d

24  170, 175 (5th Cir. 1983) ("[T]he value of the assessment of able counsel

25  negotiating at arm's length cannot be gainsaid.  Lawyers know their strengths

26  and they know where the bones are buried").  Here, experienced counsel for

27  Class Plaintiff has concluded this settlement is in the best interest of the

28  settlement class.  [Wang Decl., ¶¶16-24.]

**ARIAS OZZELLO & GIGNAC LLP**

1  In short, the Settlement has no deficiencies that would require this Court
2  to reject it.  Further, the Court should grant Preliminary Approval of a class-
3  action settlement if the preliminary evaluation of the proposed settlement does
4  not disclose grounds to doubt its fairness or other obvious deficiencies, such as
5  unduly preferential treatment of the class representative or of segments of the
6  class, or excessive compensation for attorneys and appears to fall within the
7  range of possible approval.  (4 Alba Conte & Herbert B. Newberg, *Newberg on*
8  *Class Actions* § 11:25; *citing*, *Manual for Complex Litigation*, *Third* § 30.41;
9  *see also*, *In re Shell Oil Refinery* (E.D. La. 1993) 155 F.R.D. 552, 555 (holding
10  that at the preliminary approval stage, the Court's only task is to determine
11  whether 'the proposed settlement appears to be the product of serious,
12  informed, non-collusive negotiations, has no obvious deficiencies, does not
13  improperly grant preliminary preferential treatment to class representatives or
14  segments of the class, and falls within the range of possible [judicial]
15  approval.').)

16  Preliminary Approval fulfills all the due process criteria where, as here,
17  an informed court evaluates the settlement, and where, as here, the court
18  utilizes a settlement approval process that includes notice to the class and an
19  opportunity to be heard.

20  **C.**  **The Court Should Order the Dissemination of Notice to the**
21  **Settlement Class.**

22  Rule 23(e)(1)(B) states that, "The court must direct notice in a
23  reasonable manner to all class members who would be bound by a proposed
24  settlement, voluntary dismissal, or compromise."  Rule 23(e) requires that
25  notice of a proposed settlement inform class members of the following:  (1) the
26  nature of the pending litigation; (2) the general terms of the proposed
27  settlement; (3) that complete information is available from the court files; and
28  (4) that any class member may appear and he heard at the fairness hearing.

1   4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 8.32 at 262-

2   268 (4th ed. 2002).

3          Here, the parties request approval of the proposed Settlement Notice (the

4   "Settlement Notice").  [Exhibit "A" to Settlement Agreement.]  The Settlement

5   Notice meets all of the requirements of Rule 23(e): it identifies the Plaintiffs

6   and the Defendants, and describes the lawsuit and the settlement class in a

7   straightforward manner; it succinctly describes the essential terms of the

8   proposed settlement; and, it identifies all parties against whom claims are

9   being released.  In addition, the Settlement Notice instructs Class Members to

10  contact Class Counsel to obtain more detailed information and provides

11  information regarding counsel's fee and expense application.  In short, the

12  Settlement Notice will provide the necessary information for Class Members to

13  make an informed decision regarding the proposed settlement.  [Wang Decl.

14  ¶¶25-26.]

15         Accordingly, the Court should approve the parties' proposed form and

16  method of giving notice to the Settlement Class.

17  **D.    The Court Should Set a Schedule for Final Approval**

18         The next steps in the settlement approval process are to notify the class

19  of the proposed settlement, allow Class Members an opportunity to object, and

20  hold a Final Approval Hearing.  In that regard, the parties propose the

21  following schedule:

| PROPOSED DATE | |
|---|---|
| Within 30 days after execution of this Order | Settlement Administrator shall disseminate the Settlement Notice as provided in the Settlement Agreement. |
| 30 days after execution of this Order | Plaintiff shall file the Application for Attorney's Fees, Reimbursement of Litigation Costs, and Enhancement Award for the Class |

ARIAS OZZELLO & GIGNAC LLP

| | Representative. |
|---|---|
| 30 days after the mailing of the Settlement Notice | Last day for Class Members file and serve Notice of Objection. |
| As soon as practicable, but no later than 35 days prior to the Final Approval Hearing | Settlement Administrator shall provide Class Counsel and Counsel for Defendant with a Declaration attesting to completion of the notice process set forth in this Settlement Agreement. |
| 28 days before the Fairness and Final Approval Hearing | All papers and declarations in support of the final approval of the Settlement shall be filed with the Court.  Class Counsel and Counsel for Defendant shall file any responses to any written objections to Settlement submitted to the Court in accordance with this Settlement Agreement. |

## VI.

## <u>CONCLUSION</u>

This Court should enter an order preliminarily approving the proposed Class Action Settlement Agreement.


Dated:  August 2, 2013                    ARIAS OZZELLO & GIGNAC LLP


                                   By: <u>*/s/ Arnold C. Wang*</u>
                                        MARK A. OZZELLO
                                        ARNOLD C. WANG
                                        Attorneys for Plaintiffs
                                        and the Putative Class